**Jocylin E. KIMBLER**

v.

**The PITTSBURGH & LAKE ERIE RAILROAD COMPANY, Appellant.**

**No. 14152.**

United States Court of Appeals Third Circuit.

Argued March 22, 1963.

Decided April 3, 1963.

---

* Of the Tenth Circuit, sitting by designation.

principal question in dispute was whether the railroad failed to furnish some advance protection or to take some corrective action such as a reasonable person in its position would have done to prevent such a mishap. Until we know what significant facts, in the trial court's view, were established by the evidence, and upon what facts and factual inferences the court based its conclusion that the defendant had not exercised due care, we cannot satisfactorily review the merits of the decision.

The judgment will be vacated and the cause remanded for the making of informative and dispositive findings of fact and conclusions of law.

James R. Orr, Pittsburgh, Pa. (Reed Smith Shaw & McClay, Pittsburgh, Pa., on the brief), for appellant.

John M. Feeney, Pittsburgh, Pa. (McArdle, Harrington & McLaughlin, Pittsburgh, Pa., on the brief), for appellee.

Before HASTIE, GANEY and SMITH, Circuit Judges.

PER CURIAM.

This FELA action by a railroad employee for negligent injury was tried to the court without a jury and resulted in the recovery of a money judgment. The defendant railroad appealed.

When the appeal was originally called for argument, this court directed attention to the absence of findings of fact and conclusions of law and ordered the case continued to permit the transcription of missing parts of the record which counsel thought would remedy this deficiency. However, it now appears that even with this additional material, including certain observations of the trial judge from the bench, we are unable to reach the merits of the case.

The evidence indicates that the plaintiff slipped and fell on icy steps. The